J. H. BRASHIER v. HOMER TOLLETH.

[FILED MARCH 24, 1891.]

**Limitations:** CHATTEL MORTGAGES: PREMATURE SEIZURE. Where a mortgagee of chattels unlawfully seizes the mortgaged property before there has been any default in payments, and before any condition in the mortgage has been broken, the mortgagor may at once maintain replevin or sue for conversion, and such actions are barred after four years from the date of the unlawful seizure.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*John Saxon, Letton & Hinshaw,* and *Hambel & Heasty,* for plaintiff in error.

*Baker & Freeman, contra.*

NORVAL, J.

This suit was commenced on the 18th day of August, 1887, by the plaintiff in error to recover the value of two mules, two sets of harness, one wagon, one sulky plow, one cultivator, one harrow, and the undivided two-thirds of eighty acres of growing corn, which it is charged that the defendant in error converted to his own use.

The plaintiff in his petition alleges substantially that on the 4th day of April, 1882, he purchased from the defend-

ant all of the above described property, excepting the corn, for the agreed price of $515, and on that day made his two promissory notes of $257.50 each, drawing ten per cent interest, payable on the first day of December, 1882 and 1883, respectively. That to secure the payment of said notes the plaintiff gave the defendant a chattel mortgage on the property purchased. That on June 20, 1882, the defendant, to further secure the payment of the notes, executed and delivered to the defendant a chattel mortgage on the undivided two-thirds of eighty acres of growing corn.

The petition further alleges that on the 20th day of August, 1882, the defendant did, under said chattel mortgage, wrongfully, fraudulently, and without any reasonable or probable cause, seize and take away said personal property of the value of $1,358, upon the plea and excuse that he, the defendant, felt insecure and unsafe in respect to plaintiff's indebtedness to him on said notes; that on the 18th day of September, 1882, said defendant did wrongfully, unlawfully, and maliciously sell all of said property at public sale.

The petition also alleges that each of said notes, according to the agreement of the parties, was to be drawn so as to fall due one month later, and that the plaintiff supposed they were so drawn until August 10, 1887; that the defendant has never accounted to the plaintiff, nor offered to do so, for the surplus of the value of said property over and above the amount of plaintiff's indebtedness to him.

The petition contains other allegations, which are not material to the question raised in this court. A general demurrer to the petition was sustained, and the action dismissed.

But a single question is presented for decision, and that is whether the suit was barred by the statute of limitations.

Section 12 of the Code of Civil Procedure, which limits the period for bringing certain actions, provides that

"within four years, an action for the trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated;" etc.

This section applies to actions brought for the conversion of personal property, and such an action is barred after the lapse of four years from the time the cause of action accrues. When did the statute begin to run in this case?

The plaintiff in error insists that the action could not have been maintained until the last note secured by the mortgages fell due, which was less than four years prior to the commencement of the suit. A mortgagor of chattels is entitled to retain possession of the property, where there is no stipulation to the contrary, until there has been a default of payment, or some other condition in the mortgage has been broken. If the mortgagee wrongfully takes the property from the mortgagor, without his consent, and before he is entitled to the possession of the same under the terms of the mortgage, he may at once maintain replevin or sue for the value. He is not compelled to wait until the debt becomes due. Before default had been made in the conditions of the mortgage the mortgagee had no more right to seize the mortgaged chattels than an entire stranger. According to the allegations of the petition the property was unlawfully seized by the defendant and sold nearly five years before this suit was instituted. This cause of action accrued the very moment the defendant wrongfully seized the property for the purpose of appropriating it to his own use. The action was therefore barred and the demurrer was properly sustained.

The judgment is

AFFIRMED.

THE other judges concur.